IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

FILED
U.S. DISTRICT COURT
2008 DEC -9 AM 8:33
L. Flanders
CLERK
SO. DIST. OF GA.

SOPHONIAS OTHELLO JAHENI,        )
                                 )
            Petitioner,          )
                                 )
    v.                           )        CV 107-075
                                 )
HUGH SMITH, Warden, and          )
THURBERT E. BAKER, Attorney General )
for the State of Georgia,        )
                                 )
            Respondents.         )

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Petitioner brought the above-captioned case pursuant to 28 U.S.C. § 2254, and

Respondents filed their response. After the response had been filed, Petitioner filed a motion

to amend to add certain claims for ineffectiveness of appellate and trial counsel and to strike

Grounds 10 through 13 and Grounds 15 and 16 from his petition.[1] For the reasons set forth

below, the Court **REPORTS** and **RECOMMENDS** that Thurbert E. Baker be **DISMISSED**

as an improper party Respondent, that Petitioner's motion to amend be **GRANTED IN**

**PART**, that the § 2254 petition be **DENIED**, that this civil action be **CLOSED**, and that a

final judgment be **ENTERED** in favor of Respondent Smith.

---

[1]Although docketed as an "Amended Petition," since a response has already been
filed, Petitioner must have permission of the Court to amend his petition. See Fed. R. Civ.
P. 15(a)(2).

## I. BACKGROUND

Petitioner was sentenced to a total of forty (40) years of imprisonment upon his conviction in Richmond County Superior Court for armed robbery, hijacking a motor vehicle, kidnapping, and possession of a firearm during the commission of a crime. (Doc. no. 7, p. 1). Upon denial of his motion for a new trial, Petitioner pursued an appeal, but the appeal was never decided because the state appellate court remanded the matter to the trial court for a hearing on his claim of ineffective assistance of appellate counsel. Jaheni v. State, 635 S.E.2d 821, 822 (Ga. Ct. App. 2006). He then filed an appeal challenging his conviction, which was dismissed because his appellate counsel failed "to file an enumeration of errors and brief." Id. New counsel filed an amended motion for new trial, and Petitioner appealed the denial of this motion. Id. This third attempt at an appeal was denied for failure to file a proper notice of appeal. Id. Petitioner was eventually successful in obtaining review of his conviction from the Georgia Court of Appeals. See Jaheni v. State, 645 S.E.2d 735 (Ga. Ct. App. 2007) ("Jaheni II"). In this fourth appeal, Petitioner challenged his conviction on the following grounds: (1) his prosecution in state court violated the Double Jeopardy clause; (2) the state court could not prosecute him because his felony offenses "merged" with his traffic offenses; (3) trial counsel was ineffective for failing "to adequately investigate the case and to object to the state's failure to turn over all discovery . . ."; (4) the trial court improperly admitted "self-incriminating" statements made by Petitioner while he was in custody because the state failed to disclose those statements before trial; and (5) the trial court improperly denied his request for a Jackson v. Denno hearing[2] to determine the

---

[2]See Jackson v. Denno, 378 U.S. 368 (1964).

2

voluntariness of Petitioner's statements while in custody.  Id. at 736-41.  The Court of Appeals rejected Petitioner's claims and affirmed his conviction.  Id. at 741.

Petitioner has also filed three (3) state habeas corpus petitions.  His first state habeas petition alleged due process and equal protection violations because of a court reporter's failure to provide Petitioner with certain transcripts.  (Doc. no. 8, Ex. 1).  This petition was dismissed as premature.  (Doc. no. 7, p. 1).  Petitioner did not file an application for a certificate of probable cause to appeal the dismissal.  (Id.).  Petitioner's second state habeas petition sought relief based on ineffective assistance of appellate and trial counsel; violations of the Double Jeopardy clause; "Brady violations";[3] state discovery violations; failure to grant a Jackson v. Denno hearing; unspecified errors by the trial court; and "inordinate delay" in the appellate review process.  (Doc. no. 1, p. 3).  As to the ineffective assistance of counsel claims, Petitioner specifically alleged that trial counsel failed to investigate Petitioner's case and prepare an adequate defense; failed to "subject the state's case to a meaningful adversarial testing process"; and refused to consult with Petitioner prior to a hearing.  (Doc. no. 8, Ex. 4).  The state habeas court granted the second petition only to allow Petitioner to pursue an out-of-time appeal.  (Doc. no. 7, p. 2).  Petitioner filed an application for a certificate of probable cause to appeal the decision, but his application was denied.  (Id.).  Petitioner filed a third state habeas petition, alleging "inordinate delay" in production of the transcript from his habeas corpus evidentiary hearing; that his prosecution in state court violated the Double Jeopardy clause; and that the state court lacked jurisdiction to convict him.  (Doc. no. 8, Ex. 7).  This petition was also dismissed as premature.  (Doc. no. 7, p. 2).

---

[3]See Brady v. Maryland, 373 U.S. 83 (1963).

Petitioner did not file an application for a certificate of probable cause to appeal this third dismissal. (Id.).

The grounds for relief Petitioner sets forth in his federal habeas petition may be summarized as follows.[4] Grounds 1 through 8 and ground 20 allege that Petitioner was denied a timely and effective appeal of his state court convictions and requests an evidentiary hearing.[5] (Doc. no. 1, pp. 6-13, 20). Ground 9 alleges ineffective assistance of counsel, specifically that trial counsel failed to: (1) properly investigate and prepare Petitioner's case; (2) properly interview and subpoena witnesses; (3) "subject the state's case to a meaningful, adversarial testing process"; (4) properly research, assert, and preserve "non-frivolous errors" at trial; (5) raise double jeopardy as a defense to prosecution; (6) argue violations of Jackson v. Denno and Brady v. Maryland; (7) pursue a motion to quash the indictment; (8) object to,

---

[4]The Court does not attempt to describe the claims brought in the amended petition in exhaustive detail, but rather provides an accurate summary of Petitioner's arguments. The Court is aware of its obligation to consider all of Petitioner's claims, see Clisby v. Jones, 960 F.2d 925, 936 (11th Cir. 1992) (en banc); nevertheless, the Court has no duty to address explicitly every nuance of Petitioner's claims. It suffices to say that any arguments not explicitly declaimed or discussed herein have been duly considered and rejected. See United States v. Northside Realty Assoc., 474 F.2d 1164, 1170 n.5 (5th Cir. 1972) ("Courts need not indulge in exegetics, or parse or declaim every fact and each nuance or hypothesis . . . failure to mention each and every specific item . . . in no way indicates that they were not considered.") (citations omitted); see also White v. United States, 175 Fed. App'x 292, 294 (11th Cir. 2006) (noting that Clisby does not forbid summary denial of meritless claims) (quoting Broadwater v. United States, 292 F.3d 1302, 1303 (11th Cir. 2002)); Miller v. United States, 131 Fed. App'x 161, 163 (11th Cir. 2005) (noting that Clisby does not require district court "to comment on all of the evidence presented in support of [a petitioner's] claim.").

[5]According to Rule 8 of the Rules Governing Section 2254 Cases, "[i]f the petition is not dismissed, the judge must review the answer, any transcripts and records of state-court proceedings . . . to determine whether an evidentiary hearing is warranted." As the Court is recommending denial of Petitioner's petition, an evidentiary hearing is not warranted under these circumstances.

4

move to suppress, or move for a mistrial based on statements admitted at trial that were made while in police custody; (9) move to strike the testimony of a state witness; and (10) object and move for mistrial based on the prosecution's statement regarding Petitioner's silence after his arrest. (Id. at 13-15).

Ground 10 alleges that Petitioner's sentence is null and void because of the state court's alleged lack of jurisdiction. (Id. at 15). Grounds 11 through 16 all allege that Petitioner's prosecution on his felony offenses violated the Double Jeopardy clause. (Id. at 16-18). Ground 17 alleges violations of the state discovery rules. (Id. at 18-19). Ground 18 alleges that Petitioner is entitled to relief because the state did not grant him a Jackson v. Denno hearing. (Id. at 19). Ground 19 alleges that Petitioner is entitled to relief because the state "commented several times on Petitioner's post-arrest silence." (Id. at 19-20).

## II. STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), signed into law on April 24, 1996, amended § 2254(d) to provide:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The United States Supreme Court addressed Section 2254(d) in Brown v. Payton, 544 U.S. 133 (2005). The Supreme Court explained the difference between the "contrary to" and

"unreasonable application" clauses in § 2254(d)(1) as follows:

> The AEDPA provides that, when a habeas petitioner's claim has been adjudicated on the merits in state-court proceedings, a federal court may not grant relief unless the state court's adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." A state-court decision is contrary to this Court's clearly established precedents if it applies a rule that contradicts the governing law set forth in our cases, or if it confronts a set of facts that is materially indistinguishable from a decision of this Court but reaches a different result. A state-court decision involves an unreasonable application of this Court's clearly established precedents if the state court applies this Court's precedents to the facts in an objectively unreasonable manner.

Id. at 141 (internal citations omitted). Thus, under § 2254(d)(1), it is not enough to demonstrate that a state court's decision is "incorrect or erroneous"; only a showing that the decision was "objectively unreasonable" will entitle a petitioner to relief. Wiggins v. Smith, 539 U.S. 510, 520-21 (2003). In sum, a habeas petition may be granted if "the state court's decision was contrary to, or involved an objectively unreasonable application of, the governing Federal law set forth by Supreme Court cases." McIntyre v. Williams, 216 F.3d 1254, 1257 (11th Cir. 2000).

Moreover, the AEDPA sets a highly deferential standard of review for state court factual determinations. The AEDPA "requires federal habeas courts to presume the correctness of state courts' factual findings unless applicants rebut this presumption with 'clear and convincing evidence.'" Schriro v. Landrigan, 550 U.S. 465, 127 S. Ct. 1933, 1939-40 (2007) (quoting 28 U.S.C. § 2254(e)(1)); see also Crawford v. Head, 311 F.3d 1288, 1317 (11th Cir. 2002) (affirming state court factual determination "because there is support for it in the record and [the petitioner] has not rebutted the finding by clear and convincing evidence"). Thus, "some evidence suggesting the possibility" that a petitioner's version of

6

the pertinent facts is correct is not sufficient to carry the burden of showing that a state court made an unreasonable determination of fact as contemplated by § 2254(d)(2). Bottoson v. Moore, 234 F.3d 526, 540 (11th Cir. 2000). If the record provides any support for a state court's factual findings, this Court may not set aside those findings unless and until they are rebutted by clear and convincing evidence. Crawford, 311 F.3d at 1317.

## III. DISCUSSION

### A. Improper Party Respondent

Petitioner has named Hugh Smith, Warden at Georgia Diagnostic & Classification Prison, and Thurbert E. Baker, Attorney General for the State of Georgia, as Respondents. However, the Court finds that Attorney General Baker is an improper Respondent and should be dismissed. Pursuant to 28 U.S.C. § 2242, an application for a writ of habeas corpus shall allege the name of the person having custody over a petitioner. Furthermore, Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts states that for habeas petitioners who are currently in the custody of the state, "the petition must name as respondent the state officer who has custody." The Advisory Committee Notes to Rule 2 explain that the state officer having custody of the petitioner, often a prison warden, is the appropriate respondent when a petitioner is seeking relief from a sentence for which he is currently incarcerated. The Notes further explain that the state Attorney General is an appropriate party respondent when the petitioner is attacking a sentence which will be carried out in the future or for which the petitioner is not incarcerated, on probation, or on parole. As another federal court has explained, "[T]he only proper respondent in a collateral attack is the petitioner's custodian. . . . If the petitioner is in prison, the warden is the right respondent. . . . A state's attorney general is a proper party only if the petitioner is not then

7

confined, but expects to be taken into custody." Hogan v. Hanks, 97 F.3d 189, 190 (7th Cir. 1996).

As Petitioner is challenging the sentence for which he is currently incarcerated, Warden Smith is the only proper Respondent, and Thurbert E. Baker should be **DISMISSED** as an improper party Respondent.

## B. Exhaustion and Procedural Default Rules Explained

The AEDPA preserves the traditional exhaustion requirement, which requires a district court to dismiss habeas claims that the petitioner has a right to raise, by any available procedure, in state court. 28 U.S.C. § 2254(b)(1)(A) & (c). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by *any* available procedure, the question presented." Id. § 2254(c) (emphasis added). In reference to this requirement, the Supreme Court has held that a state inmate is deemed to have exhausted his state judicial remedies when he has given the state courts, or they have otherwise had, a fair opportunity to address the state inmate's federal claims. Castille v. Peoples, 489 U.S. 346, 351 (1989). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).

As the Eleventh Circuit has explained, "[a] state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts." Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir. 2001). The exhaustion requirement applies with equal force to all constitutional claims, including claims of ineffective assistance of counsel. Footman v. Singletary, 978 F.2d 1207, 1211 (11th Cir.

8

1992) ("[A] habeas petitioner may not present instances of ineffective assistance of counsel in his federal petition that the state court has not evaluated previously."). Furthermore, a petitioner's failure to exhaust his claims properly ripens into a procedural default once state remedies are no longer available. McNair v. Campbell, 416 F.3d 1291, 1305 (11th Cir. 2005) ("It is well established that when a petitioner has failed to exhaust his claim by failing to fairly present it to the state courts and the state court remedy is no longer available, the failure also constitutes a procedural bar.").

A federal habeas petitioner can run afoul of procedural default rules in one of two ways. First, a federal habeas petitioner can improperly attempt to revive an old claim that a state court has previously denied on procedural grounds. When a state court denies a constitutional claim on "adequate and independent"[6] state procedural grounds, the district court is precluded from later reviewing the merits of the claim on collateral attack. Judd, 250 F.3d at 1313.

Likewise, a federal habeas petitioner runs afoul of procedural default rules when he attempts to bring a new claim that would be procedurally barred if he attempted to raise it in

---

[6]A state court decision rests upon "adequate and independent" state procedural grounds when it satisfies the following three-part test:

> First, the last state court rendering a judgment in the case must clearly and expressly state that it is relying on state procedural rules to resolve the federal claim without reaching the merits of that claim. Secondly, the state court's decision must rest solidly on state law grounds, and may not be intertwined with an interpretation of federal law. Finally, the state rule must be adequate, *i.e.*, it must not be applied in an arbitrary or unprecedented fashion. The state court's procedural rule cannot be "manifestly unfair" in its treatment of the petitioner's federal constitutional claim to be considered adequate for the purposes of the procedural default doctrine.

Judd, 250 F.3d at 1313 (internal quotations and citations omitted).

state court. In such instances, the petitioner's failure to bring the claim properly in state court has "matured into a procedural default." Smith v. Jones, 256 F.3d 1135, 1139 (11th Cir. 2001). Thus, where a state procedural bar is apparent, a court "can forego the needless 'judicial ping-pong' and just treat those claims now barred by state law as no basis for federal habeas relief." Snowden v. Singletary, 135 F.3d 732, 736 (11th Cir. 1998); see also Harris v. Reed, 489 U.S. 255, 263 n.9 (1989) ("[A] federal habeas court need not require that a federal claim be presented to a state court if it is clear that the state court would hold the claim procedurally barred."). Simply put, if a claim has not been "fairly presented in the state courts, it is procedurally defaulted." Jones v. Campbell, 436 F.3d 1285, 1304 (11th Cir. 2006).

Of note here, under Georgia law, absent a showing of cause to excuse the default and actual prejudice, the failure to object at trial or to raise on direct appeal any alleged error creates a procedural bar to its consideration in a habeas corpus proceeding. See O.C.G.A. § 9-14-48(d); Black v. Hardin, 336 S.E.2d 754, 755 (Ga. 1985) ("The rule now may be stated as follows: a failure to make timely objection to *any* alleged error or deficiency or to pursue the same on appeal ordinarily will preclude review by writ of habeas corpus."). Georgia law also requires that claims of ineffective assistance of trial counsel be raised at the "earliest practicable moment" by new counsel, or absent a showing of cause and prejudice, the claims are procedurally defaulted. White v. Kelso, 401 S.E.2d 733, 734 (Ga. 1991); Thompson v. State, 359 S.E.2d 664, 665 (Ga. 1987).

Of course, the Eleventh Circuit has explained that a procedural default may be excused if certain conditions are met:

10

> A petitioner may obtain federal review of a procedurally defaulted claim if he can show both cause for the default and actual prejudice resulting from the default. Additionally, in extraordinary cases, a federal court may grant a habeas petition without a showing of cause and prejudice to correct a fundamental miscarriage of justice.

Jones, 436 F.3d at 1304 (internal citations omitted). Cause entails a showing "that some objective factor external to the defense impeded" efforts to comply with the state procedural rule. Coleman v. Thompson, 501 U.S. 722, 753 (1991). A state petitioner may also demonstrate cause to overcome a procedural default by demonstrating that he received constitutionally ineffective assistance of counsel. Turpin v. Todd, 493 S.E.2d 900, 906 (Ga. 1997). The narrow fundamental miscarriage of justice exception, on the other hand, encompasses the extraordinary instance in which a constitutional violation probably has resulted in the conviction of one actually innocent of the crime. Murray v. Carrier, 477 U.S. 478, 496 (1986).

## C. Motion to Amend

Petitioner has filed a motion to amend his petition to add certain claims for ineffectiveness of appellate and trial counsel and to strike Grounds 10 through 13 and Grounds 15 and 16 from his petition. The Federal Rules of Civil Procedure are applicable to proceedings for habeas corpus, "to the extent that the practice in those proceedings . . . is not specified in a federal statute, the Rules Governing Section 2254 Cases, or the Rules Governing Section 2255 Cases; . . . and has previously conformed to the practice in civil actions." Fed. R. Civ. P. 81(a)(4).[7] In addition, Rule 11 of the Rules Governing § 2254 Proceedings provides

---

[6]The United States Supreme Court has applied Fed. R. Civ. P. 15 to requests to amend § 2254 petitions. See Mayle v. Felix, 545 U.S. 644, 655 (2005).

11

that "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." Thus, the Court will apply a traditional Fed. R. Civ. P. 15 analysis to Petitioner's request to amend.

Although leave to amend is generally freely given, Foman v. Davis, 371 U.S. 178, 182 (1962), it is by no means guaranteed. Addington v. Farmer's Elevator Mut. Ins. Co., 650 F.2d 663, 666 (5th Cir. 1981). "The function of Rule 15(a), which provides generally for the amendment of pleadings, is to enable a party to assert matters that were overlooked or were unknown at the time he interposed the original complaint or answer." 6 Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 1473. The trial court has considerable discretion when deciding whether to grant or deny a motion for leave to amend. Addington, 650 F.2d at 666. "In making this determination, a court should consider whether there has been undue delay in filing, bad faith or dilatory motives, prejudice to the opposing parties, and the futility of the amendment." Local 472, United Ass'n of Journeymen and Apprentices of the Plumbing and Pipefitting Indus. v. Georgia Power Co., 684 F.2d 721, 724 (11th Cir. 1982).

Here, Petitioner seeks to amend his petition for a writ of habeas corpus to add the following claims: (1) appellate counsel was ineffective for failing to raise on appeal various errors allegedly committed by trial counsel on direct appeal; (2) appellate counsel was ineffective for not raising on appeal the issue of the ineffectiveness of Petitioner's first appellate counsel; (3) appellate counsel was ineffective for failing to raise as error the Court of Appeals' determination that Petitioner's statement to police was spontaneous; and (4) trial counsel was ineffective for failing to object to an allegedly erroneous jury charge. (Doc. no. 16, pp. 2-5). In his motion, Petitioner also seeks to strike the following grounds from his

12

petition: Ground 10, which alleges that the state court lacked jurisdiction to convict him, and Grounds 11 through 13 and Grounds 15 and 16, all of which allege Double Jeopardy violations.

The Court first addresses Petitioner's request to add claims for ineffectiveness of appellate and trial counsel. Petitioner has not presented the bases for his claims of ineffective assistance of appellate counsel to the Georgia state courts for review.[8] It would be illogical to contend that Petitioner should have raised these claim on appeal, as attorneys are not expected to argue their own inadequacies before an appellate court. See Williams v. State, 606 S.E.2d 594, 595 (Ga. Ct. App. 2004) (noting that the proper means for appellant to pursue a claim of ineffectiveness of appellate counsel was in a habeas corpus proceeding). However, pursuant to O.C.G.A. § 9-14-48(d), Petitioner could still have filed a state petition for a writ of habeas corpus to challenge the effectiveness of appellate counsel based on the allegations presented in his motion to amend. Thus, it appears that the claims sought to be added in Petitioner's motion to amend would be deemed unexhausted if allowed to proceed, and such amendments regarding ineffectiveness of appellate counsel would be futile.

Furthermore, as noted above, Georgia law also requires that claims of ineffective assistance of trial counsel be raised at the "earliest practicable moment" by new counsel, or absent a showing of cause and prejudice, the claims are procedurally defaulted. White, 401 S.E.2d at 734; Thompson, 359 S.E.2d at 665. Petitioner did not raise the basis for his claim

---

[8]While Petitioner did present a claim for ineffective assistance of appellate counsel in his second state habeas petition, that claim was based on appellate counsel's alleged failure to file an appellate brief and enumeration of errors. The bases for Petitioner's claim of ineffective assistance of appellate counsel in his motion to amend are entirely different from those presented in his state habeas petition and have not been presented for review to the state appellate or habeas courts.

of ineffectiveness of trial counsel on direct appeal or in any of his state habeas petitions. As Petitioner has failed to show cause as to why his failure to raise these claims should be excused, it appears that his claim of ineffectiveness of trial counsel would be procedurally defaulted if allowed to proceed, and such an amendment would also be futile.

However, Petitioner should be permitted to strike Grounds 10 through 13 and Grounds 15 and 16 from his petition. While Petitioner delayed for over a year in filing his amended petition, the Court finds that allowing dismissal of these claims would not prejudice Respondents, nor would it be futile, especially as the Court finds no merit to Petitioner's allegation of the state court's lack of jurisdiction (Ground 10),[9] and Petitioner's allegations of Double Jeopardy violations(Grounds 11 through 13 and Grounds 15 and 16) are addressed herein in the analysis of Ground 14. See supra Part III.D.2.c.

In sum, Petitioner should not be permitted to amend his petition to add claims for ineffectiveness of appellate and trial counsel. However, the Court recommends that his motion to amend should be **GRANTED IN PART** to allow him to strike Grounds 10 through 13 and Grounds 15 and 16 from his petition.

---

[9]Ground 10 of Petitioner's federal habeas petition alleges that his sentence is "null and void" because the state court lacked jurisdiction over Petitioner. The jurisdiction of the courts of the state of Georgia is governed by state law. See O.C.G.A. § 17-2-1. Federal courts are not concerned with a state's interpretation of its own laws and rules unless the allegations raise federal constitutional problems, as such matters are of state concern. McCullough v. Singletary, 967 F.2d 530, 535-36 (11th Cir. 1992). As Petitioner's arguments relate to the trial court's application of state jurisdictional rules, this is not a matter on which this Court can grant relief. Moreover, Petitioner has not presented any error by the state court that was contrary to, or involved an unreasonable application of, clearly established federal law. Thus, even if this claim were not dismissed, Petitioner would not be entitled to federal habeas relief on this ground.

**D.     Remaining Claims in Petitioner's Original Petition**

**1.     Unexhausted Claims Now Procedurally Defaulted**

Turning to Petitioner's original petition, Petitioner asserts several claims that were never exhausted in the Georgia state courts and are now procedurally defaulted. As noted above, under Georgia law, absent a showing of cause to excuse the default and actual prejudice, the failure to object at trial or to raise on direct appeal any alleged error creates a procedural bar to its consideration in a state habeas corpus proceeding. See O.C.G.A. § 9-14-48(d); Black, 336 S.E.2d at 755 ("The rule now may be stated as follows: a failure to make timely objection to *any* alleged error or deficiency or to pursue the same on appeal ordinarily will preclude review by writ of habeas corpus.").

Ground 9 of Petitioner's federal habeas petition alleges ineffective assistance of counsel for multiple reasons. However, Petitioner failed to raise several of these reasons in any of his state habeas petitions.[10] Specifically, Petitioner raises the following claims in his federal habeas petition to support his allegation of ineffective assistance of counsel that he has not raised in any of his state habeas petitions: (1) failure to properly interview and subpoena witnesses; (2) failure to properly research, assert, and preserve "non-frivolous errors" at trial; (3) failure to raise double jeopardy as a defense to prosecution; (4) failure to argue violations of Jackson v. Denno and Brady v. Maryland; (5) failure to pursue a motion

---

[9]As Petitioner was represented by the same counsel at trial and on appeal, and his claims of ineffective assistance of counsel encompass counsel's alleged deficient performance on appeal, the earliest practicable moment for Petitioner to raise such claims would have been in a state habeas petition. See Williams v. State, 606 S.E.2d 594, 595 (Ga. Ct. App. 2004) (noting that the proper means for appellant to pursue a claim of ineffectiveness of appellate counsel was in a habeas corpus proceeding).

to quash the indictment; (6) failure to object to statements admitted at trial that were made while in police custody, or move to suppress these statements, or move for a mistrial based on the admission of these statements; (7) failure to move to strike the testimony of a state witness; and (8) failure to object and move for mistrial based on the prosecution's statement regarding Petitioner's silence after his arrest. Similarly, Petitioner failed to raise ground 19 of his federal petition alleging improper conduct by the prosecution in commenting on Petitioner's post-arrest silence in state court.

The claims discussed in this section have not been previously exhausted in state court, and they appear to be otherwise procedurally defaulted under Georgia's procedural default rule. See Footman, 978 F.2d at 1211; see also McNair, 416 F.3d at 1305; Turpin v. Mobley, 502 S.E.2d 458, 462 (Ga. 1998) (finding that appellant's claim of prosecutorial misconduct was procedurally defaulted because it should have been raised on direct appeal). Additionally, Petitioner has not shown cause to excuse his failure to properly exhaust these claims in the state courts. Accordingly, these claims should be denied.

### 2. Claims Rejected by the State Courts

#### a. Denial of Right to Effective and Speedy Appeal

Grounds 1 through 8 and ground 20 all allege that Petitioner was denied a timely and effective appeal of his state court convictions. In essence, Petitioner is alleging that the delays inherent in the state court appellate process effectively denied him his right to appeal, and more specifically, his right to a speedy appeal. Petitioner presented these claims to the state court in his second state habeas petition. In responding to these claims, the state habeas court relied on O.C.G.A. § 5-6-33 in granting Petitioner the right to pursue an out-of-time appeal. The state states in pertinent part that a "defendant in any criminal proceeding in the

16

Superior, State or City courts, may appeal from any sentence, judgment, decision or decree of the court or of the judge thereof . . . ." O.C.G.A. § 5-6-33. Noting that Petitioner's counsel failed to file a brief in support of Petitioner's appeal, the state habeas court found that Petitioner had been denied his right to appeal under state law and allowed him to pursue an out-of-time appeal.

A federal habeas court may entertain an application for a writ of habeas corpus only on the ground that the petitioner is in custody in violation of the United States Constitution, a treaty, or the laws of the United States. Estelle v. McGuire, 502 U.S. 62, 68 (1991). A federal court is not concerned with a state's interpretation of its own laws and rules unless the violations raise federal constitutional problems; such matters are of state concern. McCullough, 967 F.2d at 535-36; see also Dorsey v. Chapman, 262 F.3d 1181, 1190 n.11 (11th Cir. 2001) ("[F]ederal habeas relief does not include the review of state court application of state procedural rules that do not rise to the level of constitutional violations."). Stated otherwise, a federal habeas court is not a "'super' state supreme court" available to grant relief every time it believes a state court erred. Shaw v. Boney, 695 F.2d 528, 530 (11th Cir. 1983) (per curiam) (quoting Meyer v. Estelle, 621 F.2d 769, 771 (5th Cir. 1980)).

Petitioner's arguments relate to the state habeas court's application of state appellate rules, which are not matters on which this Court can grant relief.[11] Moreover, Petitioner has not presented any errors by the state habeas court which were contrary to, or involved an

---

[11] The Court re-iterates that Petitioner was allowed to pursue an out-of-time appeal and, in fact, obtained review of his conviction from the Georgia Court of Appeals. See Jaheni II, 645 S.E.2d 735 (Ga. Ct. App. 2007). Thus, Petitioner's claims that he was denied review of his conviction are without merit.

unreasonable application of, clearly established federal law.[12]  As such, Petitioner is not entitled to federal habeas relief on these grounds.

### b.      Improper Admission of Incriminating Statements

Turning to Petitioner's claim that the trial court erred in admitting incriminating statements not previously disclosed, Ground 17 of Petitioner's federal habeas petition essentially alleges that the trial court violated the state's discovery rules in admitting incriminating statements at trial.  This claim was raised on Petitioner's direct appeal and rejected by the Georgia Court of Appeals.   In his federal habeas petition, Petitioner specifically challenges the introduction at trial of his statements to police that the gun he used during the commission of his felony offenses was a plastic gun and that he stated "you got me, you got me" when he was captured by the police following the armed robbery, hijacking, and kidnapping. Jaheni II, 645 S.E.2d at 739-40.  The Court of Appeals relied on O.C.G.A. § 17-16-4 in resolving this issue, which statute states in pertinent part that "[t]he prosecuting attorney shall, no later than ten days prior to trial . . . disclose to the defendant . . . the substance of any other relevant written or oral statement made by the defendant while in custody, whether or not in response to interrogation." O.C.G.A. § 17-16-4(a)(1).  Relying on Georgia state law, the Georgia Court of Appeals determined that these claims were

---

[12]The Court notes there is no federal constitutional right to appeal.  See, e.g., Smith v. Robbins, 528 U.S. 259, 270 n.5 (2000) ("The Constitution does not, however, require States to create appellate review in the first place."); Abney v. United States, 431 U.S. 651, 656 (1977) ("The right to appeal . . . in criminal cases is purely a creature of statute . . . ."); Ross v. Moffitt, 417 U.S. 600, 606 (1974) ("'[A]' State is not required to provide any appeal at all for criminal defendants."); Thomas v. State, 392 S.E.2d 530, 522 (Ga. 1990) ("Nothing in the State or Federal Constitution grants a defendant a right to appellate review . . . ."). Neither is there a right to a speedy appeal.  Indeed, the Sixth Amendment only guarantees the accused the right to a speedy *trial*.  Doggett v. United States, 505 U.S. 647, 651 (1992).

without merit because Petitioner had waived his right to object to the state's failure to disclose this evidence. Jaheni II, 645 S.E.2d at 740 (citing Sims v. State, 615 S.E.2d 785 (Ga. Ct. App. 2005); Arnold v. State, 511 S.E.2d 219 (Ga. Ct. App. 1999); Arrington v. State, 482 S.E.2d 400 (Ga. Ct. App. 1997)). Furthermore, the state appellate court found that the admission of these statements was harmless because there was other sufficient evidence to convict Petitioner. Id.

Once again, Petitioner's arguments relate to the trial court's application of state discovery rules, which are not a matters on which this Court can grant relief. Moreover, Petitioner has not presented any errors by the state courts which were contrary to, or involved an unreasonable application of, clearly established federal law.[13] As such, Petitioner is not entitled to federal habeas relief on this ground.

### c. Double Jeopardy Claim

Ground 14 of Petitioner's federal habeas petition alleges that Petitioner was prosecuted in violation of the Double Jeopardy clause. This allegation was raised and rejected on direct appeal using the test dictated by Blockburger v. United States, 284 U.S.

---

[13]To the extent that Petitioner may be trying to allege that the state violated the discovery rules dictated by Brady v. Maryland, the Court notes that the government is under no duty to disclose inculpatory or incriminating evidence prior to trial. Instead, the government's duties under Brady involve providing a defendant with all evidence in possession of the prosecution that is materially favorable to the defendant. Brady, 373 U.S. at 87 (holding that "the suppression by the prosecution of evidence favorable to the accused . . . . violates due process where the evidence is material either to guilt or to punishment" (emphasis added)). The evidence allegedly withheld by the prosecution in the instant case is clearly not materially favorable to Petitioner; indeed, Petitioner himself has characterized the statements he made to police during and following his arrest as "inculpatory" and "incriminating" in his federal habeas petition. (Doc. no. 1, pp. 18-19). Thus, to the extent that Petitioner is contending his due process rights were violated because of the prosecution's failure to disclose these statements, Petitioner has not alleged a federal constitutional violation that the Court may consider as a proper ground for federal habeas relief.

299 (1932). Jaheni II, 645 S.E.2d at 737-39. In his direct appeal, Petitioner specifically contended that his prosecution on the felony offenses, which followed his prosecution on traffic offenses that occurred during the commission of the felony offenses, constituted double jeopardy. The Georgia Court of Appeals rejected Petitioner's claim, finding that the felony offenses and traffic offenses were not the same offenses under the test dictated by Blockburger. Petitioner re-asserts this claim in his federal petition.

While the charged "offenses need not be identical to constitute the same offense for double jeopardy purposes," United States v. Moore, 43 F.3d 568, 571 (11th Cir. 1994) (citing Brown v. Ohio, 432 U.S. 161, 164 (1977)), there is no violation of the Double Jeopardy clause if each of the charged offenses "requires proof of an additional fact which the other does not." Blockburger, 284 U.S. at 304. In addition, the "proper focus is on the statutory elements of the . . . crimes." Moore, 43 F.3d at 571 (citing Brown, 432 U.S. at 166). The facts of Blockburger are dissimilar to the facts presented here, and it cannot be said that the result reached by the state appellate court was contrary to clearly established federal law. Thus, the Court will focus its attention on whether the appellate court unreasonably applied Blockburger to the facts of this case.

Along with the basic principles concerning Petitioner's double jeopardy claims, the Court must also consider the facts underlying Petitioner's conviction. The facts underlying Petitioner's conviction are set forth in the Georgia Court of Appeals decision and, pursuant to § 2254(e)(1), are presumed to be correct. Viewing the facts in a light most favorable to the verdict, the Georgia Court of Appeals determined:

> On December 1, 1997, Horace Moore went to a grocery store on Wrightsboro Road at approximately 10:00 p.m. As he was putting his groceries in his automobile, a man approached him, held a gun to his head, and pushed him

20

into the vehicle. The assailant also entered the vehicle and forced Moore into the passenger seat. After demanding Moore's keys, the attacker started the car, and Moore jumped out, injuring his head, elbow, and knees. The assailant sped away in Moore's car and a witness summoned police.

The police immediately issued a "BOLO" ("be on the lookout") alert for Moore's black, four-door 1990 Honda Civic, providing the license plate number. The BOLO racially described the driver and indicated that he was six feet tall, 160 pounds, and wearing black clothing. A Richmond County sheriff's deputy was dispatched to the grocery store at approximately 10:25 p.m., and the officer took Moore's statement.

At approximately 10:30 p.m., Lorenzo Brunson, another Richmond County patrol officer, observed a vehicle matching the BOLO description on Wrightsboro Road, "less than . . . five miles" from the robbery location. The vehicle turned onto another road "at a reasonably high rate of speed," and Brunson pulled in behind it. Although the vehicle was in the right turn lane, the driver improperly proceeded through the intersection when the traffic light turned green. After Brunson activated his emergency lights, the driver accelerated and drove through two red lights. With Brunson in pursuit, the driver made several turns before stopping in Columbia County, where he exited the vehicle and ran into the woods. Additional officers responded, and [Petitioner] was captured shortly thereafter. Moore, who was transported to the scene, identified [Petitioner] as his assailant.

Jaheni II, 645 S.E.2d at 267 (citations and footnotes omitted). The state appellate court also

described Petitioner's felony and traffic offenses as follows:

"A person commits the offense of armed robbery when, with the intent to commit theft, he or she takes property of another from the person or the immediate presence of another by use of an offensive weapon, or any replica, article, or device having the appearance of such weapon. . . . A person commits the offense of hijacking a motor vehicle when such person while in possession of a firearm or weapon obtains a motor vehicle from the person or presence of another by force and violence or intimidation or attempts or conspires to do so." A person commits the offense of kidnapping when he "abducts or steals away any person without lawful authority or warrant and holds such person against his will." A person who has "on or within arm's reach of his . . . person . . . a firearm . . . during the commission of, or the attempt to commit" certain enumerated felonies, including theft of a vehicle, commits the offense of possessing a firearm during the commission of a felony. In order to establish the traffic offenses with which [Petitioner] was charged, the State was required to prove that [Petitioner]: (1) operated a motor vehicle on a public highway when his privilege to do so had been

21

suspended; (2) disobeyed an official traffic control device; (3) wilfully failed to stop a vehicle or attempted to elude a pursuing police vehicle or police officer when given a visual or an audible signal to bring the vehicle to a stop; and (4) drove a vehicle in reckless disregard for the safety of persons or property.

Id. at 738 (citations and internal quotation marks omitted). The appellate court observed, based on the above-cited facts and law, that "the felony charges against [Petitioner] did not require proof of the same elements involved in the traffic violations, and thus the felony prosecutions did not violate [Petitioner's] rights under the Fifth and Fourteenth Amendments to the United States Constitution." Id.

In the instant petition, Petitioner summarily and in conclusory fashion alleges, once again, that his felony prosecution violated the Double Jeopardy clause. These assertions are unsupported by the record, and Petitioner offers no additional evidence, much less "clear and convincing evidence," in his federal habeas petition to support his assertions. Therefore, Petitioner's claim alleging a Double Jeopardy violation fails.[14]

### d. Jackson v. Denno Violation Claim

Petitioner contends in Ground 18 of his federal habeas petition that he is entitled to relief because the state did not grant him a Jackson v. Denno hearing to determine the voluntariness of his statements to police during and following his arrest. This claim was raised in Petitioner's second state habeas petition, as well as in his direct appeal. Both courts rejected Petitioner's claim. See Jaheni II, 645 S.E.2d at 740-41. Petitioner re-asserts this claim in his federal petition.

---

[14]While Petitioner's other Double Jeopardy claims were voluntarily dismissed, even if they had proceeded, they would still be subject to this same analysis which affords Petitioner no relief.

22

In Jackson v. Denno, 378 U.S. 368 (1973), the Supreme Court emphasized that "a defendant in a criminal case is deprived of due process of law if his conviction is founded, in whole or in part, upon an involuntary confession, without regard for the truth or falsity of the confession . . . ." Id. at 376 (citing Rogers v. Richmond, 365 U.S. 534, 540-41 (1961)). Thus, a defendant has a constitutional right "at some stage in the proceedings to object to the use of the confession and to have a fair hearing and a reliable determination on the issue of voluntariness, a determination uninfluenced by the truth or falsity of the confession." Id. at 376-77. However, "a hearing on the issue of voluntariness [is only required] if the evidence presents a fair question as to [the statement's] voluntariness." Craver v. State, 271 S.E.2d 862, 863 (Ga. 1980) (citing Jackson, 378 U.S. at 376). The facts of Jackson v. Denno are dissimilar to the facts presented here, and it cannot be said that the results reached by the state courts were contrary to clearly established federal law. Thus, the Court will focus its attention on whether the state court unreasonably applied Jackson v. Denno to the facts of this case.

Along with the basic principles concerning Petitioner's Jackson v. Denno violation claim, the Court must again consider the facts underlying Petitioner's conviction, which are set forth in the Georgia Court of Appeals decision and, pursuant to § 2254(e)(1), are presumed to be correct. Viewing the facts in a light most favorable to the verdict, the Georgia Court of Appeals determined the facts noted above, see *supra* pages 20-21, in addition to the following:

[Petitioner's] attorney cross-examined Investigator Ken Rogers as follows:

Q:     Well, did you find a gun?

A:     No, sir.

23

Q: Did any of the deputies find a gun?

A: No, sir, what I was advised by Deputy Brunson was that the gun was thrown out by [Petitioner].

Q: You say you were advised of that?

A: That's what Deputy Brunson told me in his statement.

Q: So Deputy Brunson [did not] see anything thrown away.

A: Deputy Brunson told me what he had seen-

[Defense Counsel]: Your Honor, this is a-

The Court: Overrule the objection. You asked the question. Allow him to answer it.

A: Deputy Brunson . . . was patting down [Petitioner] for a weapon and . . . [Petitioner] told him it was a plastic gun, and he threw it out the window just prior to taking the vehicle.

Then, during direct examination, the prosecutor asked Deputy Brunson what [Petitioner] said when he was captured by the canine unit in a wooded area. After the trial court overruled defense counsel's objection and denied his request for a <u>Jackson v. Denno</u> hearing, Brunson testified that [Petitioner] said "you got me, you got me, and he wanted us to call the dog off." Brunson also testified, over defense counsel's objection, that [Petitioner] stated that he had thrown a "toy gun" out of the vehicle.

<u>Jaheni II</u>, 645 S.E.2d at 739-40. The state appellate court observed, based on the facts cited above, that the trial court did not err in failing to conduct a <u>Jackson v. Denno</u> hearing because all evidence in the record indicated that Petitioner's statements to police were "spontaneous, voluntary, and not made in response to interrogation . . . ." <u>Id.</u> at 740-41.

In the instant petition, Petitioner summarily and in conclusory fashion alleges, once again, that the trial court erred in failing to grant him a <u>Jackson v. Denno</u> hearing. Petitioner's assertions are unsupported by the record, and Petitioner offers no additional evidence, much less "clear and convincing evidence," in his federal habeas petition to

24

support his assertions. Therefore, Petitioner's claim alleging a <u>Jackson v. Denno</u> violation fails.

### e. Ineffective Assistance of Counsel Claim

Petitioner raises two claims to support his ground for relief involving ineffective assistance of counsel that he previously raised on direct appeal or in his state habeas petition. Specifically, Petitioner contends that counsel failed to properly investigate Petitioner's case and subject the state's case against Petitioner to a "meaningful, adversarial testing process." The Georgia Court of Appeals and the state habeas court rejected these claims.

To make out a claim for ineffective assistance of counsel, Petitioner must first show that "counsel's representation fell below an objective standard of reasonableness." <u>Strickland v. Washington</u>, 466 U.S. 668, 688 (1984). Second, he must show that he suffered such prejudice that, but for his counsel's errors, there is a reasonable probability that the results of the proceeding would have been different. <u>Id.</u> at 694. The facts of <u>Strickland</u>, however, are dissimilar from those presented here. Moreover, it cannot be said that the results reached by appellate court or the state habeas court were contrary to clearly established federal law. Thus, the Court will focus its attention on whether the courts unreasonably applied <u>Strickland</u> to the facts of this case. <u>Bell v. Cone</u>, 535 U.S. 685, 699 (2002) ("[I]t is not enough to convince a federal habeas court that, in its independent judgment, the state-court decision applied <u>Strickland</u> incorrectly. Rather, [the petitioner] must show that the [state court] applied <u>Strickland</u> to the facts of his case in an objectively unreasonable manner." <u>Id.</u> (internal citations omitted)).

With regard to the performance prong of <u>Strickland</u>, "[a] petitioner must overcome a strong presumption of competence, and the court must give significant deference to the

attorney's decisions." Hagins v. United States, 267 F.3d 1202, 1204-05 (11th Cir. 2001). Strategic decisions are entitled to a "heavy measure of deference." Strickland, 466 U.S. at 691. "Given the strong presumption in favor of competence, the petitioner's burden of persuasion - though the presumption is not insurmountable - is a heavy one." Fugate, 261 F.3d at 1217 (citation omitted). "The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as counsel acted . . . ." Waters v. Thomas, 46 F.3d 1506, 1512 (11th Cir. 1995) (*en banc*).

A court, however, "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies . . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Smith v. Wainwright, 777 F.2d 609, 616 (11th Cir. 1985). Under the prejudice prong of Strickland, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome . . . ." Id. at 616 (citing Strickland, 466 U.S. at 694-95). As the Eleventh Circuit has ruled, an affirmative showing of prejudice that would undermine the results of the proceedings is necessary because "attorney errors come in an infinite variety and are as likely to be utterly harmless in a particular case as they are to be prejudicial. That the errors had some conceivable effect on the outcome of the proceeding is insufficient to show prejudice." Butcher v. United States, 368 F.3d 1290, 1293 (11th Cir. 2004) (internal quotation and citation omitted).

Along with these basic principles concerning ineffective assistance of counsel claims, the Court again considers the facts underlying Petitioner's conviction, which are set forth in the Georgia Court of Appeals decision and, pursuant to § 2254(e)(1), are presumed to be correct. Viewing the facts in a light most favorable to the verdict, the Georgia Court of Appeals determined the facts noted above. See *supra* pages 20-21. In support of his claim of ineffective assistance of counsel, Petitioner asserted on direct appeal that counsel failed to adequately investigate the case and was therefore unaware of his prior guilty plea on the traffic offenses; as a result, Petitioner contends, counsel rendered ineffective assistance in failing to file a double jeopardy plea on Petitioner's behalf. Jaheni II, 645 S.E.2d at 739. Because it had already concluded that Petitioner's double jeopardy claims had no merit, the state appellate court found Petitioner's claim of ineffective assistance counsel that was based on counsel's alleged failure to investigate and pursue possible double jeopardy violations likewise had no merit. Id. Thus, the state appellate court determined that Petitioner's claims of ineffective assistance of counsel also provided "no basis for reversal." Id.[15]

In the instant petition, Petitioner summarily and in conclusory fashion alleges, once again, that he received ineffective assistance of counsel because counsel failed to properly investigate Petitioner's case and subject the state's case against Petitioner to a "meaningful, adversarial testing process." Petitioner's assertions are unsupported by the record, and Petitioner offers no additional evidence, much less "clear and convincing evidence," in his

---

[15]In considering these claims, the Court notes that counsel's deficient performance had only denied Petitioner the right to direct appeal under state law. Thus, the state habeas court rejected the merits of Petitioner's claims raised in this section, but granted him limited habeas corpus relief in the form of allowing him to pursue an out-of-time appeal in order seek direct review of the claims raised in this section. As noted above, the Georgia Court of Appeals rejected these claims.

federal habeas petition to support his assertions. Furthermore, Petitioner has not shown any prejudice resulting from counsel's failure to file a double jeopardy plea on Petitioner's behalf, as the state courts and this Court have already determined that Petitioner's double jeopardy claims lack merit. Therefore, Petitioner's claims of ineffective assistance of counsel based on failure to adequately prepare Petitioner's case and failure to subject the state's case against Petitioner to a "meaningful, adversarial testing process" also fail.

### IV. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Thurbert E. Baker be **DISMISSED** as an improper party Respondent, that Petitioner's motion to amend be **GRANTED IN PART**, that the § 2254 petition be **DENIED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent Smith.

SO REPORTED and RECOMMENDED this 9th day of December, 2008, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE