IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

SOPHONIAS OTHELLO JAHENI,  *
                           *
     Petitioner,           *
                           *   CV 107-075
     v.                    *
                           *
HUGH SMITH, Warden, and    *
THURBERT E. BAKER,         *
Attorney General for the   *
State of Georgia,          *
                           *
     Respondents.          *

O R D E R

On December 9, 2008, the United States Magistrate Judge entered a Report and Recommendation ("R&R") (doc. no. 17) addressing Petitioner Sophonias Jaheni's motion to amend and petition for writ of habeas corpus. The Magistrate Judge recommended that Petitioner's petition for writ of habeas corpus be denied. The parties were advised that any objections to the R&R had to be filed with the Clerk of Court no later than December 29, 2008. (Doc. no. 18.) No objections to the R&R were received by this deadline. Therefore, on January 5, 2009, I entered an Order adopting the Magistrate Judge's R&R. (Doc. no. 19.) On January 12, 2009, Petitioner filed a motion to vacate

the Order adopting the R&R on the grounds that he had filed timely objections. (Doc. no. 21.) However, while Petitioner's objections are dated December 29, 2008, they were not received by this Court until January 20, 2009. (Doc. no. 23.) Petitioner argues that his objections were timely because he presented his objections along with a request for indigent postage to prison authorities on December 29, 2008. Petitioner filed evidence with this Court showing that his objections and request for postage were handed to prison authorities on December 29, 2008. (Doc. no. 25.)

The Court finds the Supreme Court's "mailbox rule" is applicable. The Supreme Court has held that notices of appeal from inmates are deemed filed on the date the inmate delivers the notice to the prison authorities for mailing. Houston v. Lack, 487 U.S. 266, 270-75 (1988). Although Houston dealt specifically with notices of appeal, the Eleventh Circuit has extended the holding to other filings. See Garvey v. Vaughn, 993 F.3d 776 (11th Cir. 1993)(extending Houston to pro se prisoner complaints in § 1983 cases and claims under the Federal Tort Claims Act). Further, other courts have specifically extended the mailbox rule to the filing of objections to a Magistrate Judge's R&R. See Brant v. Fry, 2006 WL 2619958 (M.D. Ga.

2

Aug. 29, 2006); Thompson v. Rasberry, 993 F.2d 513 (5th Cir. 1993); Dunn v. White, 880 F.2d 1188 (10th Cir. 1989), *cert. denied*, 493 U.S. 1059 (1990), *cited in* Garvey, 993 F.3d at 781.

Unless prison logs or other records provide evidence to the contrary, the date an inmate signs his filings controls as the date of delivery to prison officials and thus, the date of filing. Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001). Here, Petitioner signed his filings on December 29 and provided evidence that the filings were received by prison officials on that date. Although December 29 was the last day for filing objections, under Houston and its progeny, this Court will consider Plaintiff's objections timely filed. Accordingly, Plaintiff's motion to vacate (doc. no. 21) is **GRANTED**. Thus, the Court **VACATES** its Order of January 5, 2009 (doc. no. 19) and will now conduct a *de novo* review of the file and Plaintiff's objections to the R&R.

After reviewing the Magistrate Judge's R&R and Petitioner's objections, the Court finds no error in the Magistrate Judge's reasoning. Petitioner sets forth no new argument or legal authority in his objections that would warrant reversal. Nor does Petitioner set forth any specific objections to the reasoning of the R&R. Instead,

3

Petitioner merely rehashes the arguments he already raised in his habeas petition.

Therefore, the Magistrate Judge's R&R is **ADOPTED** as the opinion of the Court. (Doc. no. 17.) Respondent Baker is **DISMISSED** as an improper party Respondent, Petitioner's motion to amend is **GRANTED IN PART**, Petitioner's § 2254 motion is **DENIED**, and a final judgment is **ENTERED** in favor of Respondent Smith.

The Court notes that Petitioner also filed a motion for extension of time to file notice of appeal and/or certificate of appealability. (Doc. no. 24.) Petitioner signed this motion on January 14, 2009 and it was received by the Court on January 20, 2009. According to Fed. R. App. P. 4(a)(5), a district court may extend the time to file a notice of appeal if the party moves no later than 30 days after the entry of judgment. As judgment was entered initially on January 5, 2009, Petitioner is well within this time limit. Accordingly, Petitioner's motion for extension of time (doc. no. 24) is **GRANTED**. Petitioner has thirty (30) days from the date of entry of this Order to file his notice of appeal and/or certificate of appealability. The Clerk is directed to terminate all motions and **CLOSE** the case.

**ORDER ENTERED** at Augusta, Georgia, this 31ST day of July, 2009.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA